## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

SARA HIRST and DONALD HIRST
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.

WHIRLPOOL CORPORATION,

      Defendant.

Case No. 17-cv-12067-TGB-DRG

Hon. Terrence G. Berg

Magistrate David R. Grand

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant Whirlpool Corporation ("Whirlpool"), by and through counsel, hereby moves to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).

1.    Plaintiffs' claims should be dismissed because the Complaint fails to allege a viable cause of action.

2.    Plaintiffs' claims should be dismissed with prejudice because the Complaint's flaws are incurable.

3.    As required by Local Rule 7.1(a), Defendant's counsel sought concurrence from Plaintiffs' counsel on September 5, 2017. Defendant's counsel explained the nature of this Motion and its legal basis. Defendant's counsel requested, but did not obtain, concurrence in the relief sought.

WHEREFORE, Defendant respectfully requests that the Court grant this Motion and dismiss Plaintiffs' Complaint with prejudice.

September 5, 2017                    Respectfully submitted,

Michael T. Williams (CO #33172)          */s/ Arthur T. O'Reilly*
Kenneth E. Stalzer (CO #42896)           Arthur T. O'Reilly (P70406)
Wheeler Trigg O'Donnell LLP              Amanda K. Rice (P80460)
370 Seventeenth Street, Suite 4500       JONES DAY
Denver, CO  80202-5647                   150 W. Jefferson Ave., Suite 2100
Telephone:  303.244.1800                 Detroit, MI 48226
Facsimile:  303.244.1879                 Telephone: (313) 773-3939
williams@wtotrial.com                    Facsimile: (313) 230-7997
stalzer@wtotrial.com                     atoreilly@jonesday.com
                                         arice@jonesday.com

*Counsel for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SARA HIRST and DONALD HIRST
on behalf of themselves and all others
similarly situated,

      Plaintiffs,

v.

WHIRLPOOL CORPORATION,

      Defendant.

Case No. 17-cv-12067-TGB-DRG

Hon. Terrence G. Berg

Magistrate David R. Grand

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

# **TABLE OF CONTENTS**

**Page**

ISSUES PRESENTED..................................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES........................... iv

TABLE OF AUTHORITIES ...........................................................................v

I.      INTRODUCTION ..............................................................................1

II.     SUMMARY OF ALLEGATIONS.........................................................2

III.    ARGUMENT.....................................................................................4

  A.    The Complaint Fails to State a Claim...............................................4

    1.  Plaintiffs Fail to State a Claim for Negligence (Count III).........................4

    2.  Plaintiffs Fail to State a Claim for Breach of the Implied Warranty of Merchantability (Counts IV & IX). ............................................8

    3.  Plaintiffs Fail to State a Claim for Breach of Express Warranty (Counts V & VIII). ..................................................................10

    4.  Plaintiffs Fail to State a Claim for Violation of the Michigan Consumer Protection Act (Count VII). ..............................................14

    5.  Plaintiffs Fail to State a Claim for Unjust Enrichment (Count II).............17

    6.  The Complaint Fails to State a Claim for Declaratory or Injunctive Relief (Counts I & VI)..........................................................19

  B.    Dismissal Should Be With Prejudice..........................................21

IV.     CONCLUSION................................................................................22

CERTIFICATE OF SERVICE ......................................................................23

## <u>ISSUES PRESENTED</u>

1.      Should the Complaint be dismissed for failure to state claims for negligence, breach of implied and express warranty, violation of the Michigan Consumer Protection Act, unjust enrichment, and declaratory and injunctive relief?

Answer: Yes.

2.      Should the Complaint be dismissed with prejudice because the defects in it are incurable?

Answer: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

**CASES**

*Bailey Farms, Inc. v. NOR-AM Chem. Co.*, 27 F.3d 188 (6th Cir. 1994)

*Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511 (6th Cir. 2008)

*King v. Ford Motor Credit Co.*, 668 N.W.2d 357 (Mich. Ct. App. 2003)

*Rokicsak v. Colony Marine Sales & Serv., Inc.*, 219 F. Supp. 2d 810 (E.D. Mich. 2002)

*Rosipko v. FCA US, LLC*, No. 15-11030, 2015 WL 8007649 (E.D. Mich. Dec. 7, 2015)

*Tyson v. Sterling Rental, Inc.*, 836 F.3d 571 (6th Cir. 2016)

**STATUTES**

Mich. Comp. Laws § 440.1201(j)

Mich. Comp. Laws § 440.2313(1)(a)

Mich. Comp. Laws § 440.2316(2)

**RULES**

Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 12(b)(6)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................16

*Bailey Farms, Inc. v. NOR-AM Chem. Co.*,
    27 F.3d 188 (6th Cir. 1994) ...........................................................8, 9

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
    528 F.3d 426 (6th Cir. 2008) ..............................................................9

*Belle Isle Grill Corp. v. City of Detroit*,
    666 N.W.2d 271 (Mich. Ct. App. 2003)...........................................17

*Case v. Consumers Power Co.*,
    615 N.W.2d 17 (Mich. 2000)...............................................................6

*Creech v. W.A. Foote Mem'l Hosp., Inc.*,
    No. 237437, 2006 WL 2380825 (Mich. Ct. App. Aug. 17, 2006) ......5

*Croskey v. BMW of N. Am., Inc.*,
    532 F.3d 511 (6th Cir. 2008) ..............................................................7

*Cruz v. Capital One, N.A.*,
    192 F. Supp. 3d 832 (E.D. Mich. 2016) ...........................................20

*Davis v. United States*,
    499 F.3d 590 (6th Cir. 2007) ............................................................20

*Detroit Edison Co. v. NABCO, Inc.*,
    35 F.3d 236 (6th Cir. 1994) ................................................................6

*Devlin v. Kalm*,
    No. 08-13421, 2014 WL 4545686 (E.D. Mich. Sept. 12, 2014),
    aff'd, 630 F. App'x 534 (6th Cir. 2015) ...........................................21

*Drake v. U.S. Bank Nat'l, Ass'n*,
　No. 12-cv-13373-GER-RSW, 2013 WL 3724804 (E.D. Mich. July
　15, 2013) .................................................................................................... 15, 16

*Ducharme v. A & S RV Ctr., Inc.*,
　321 F. Supp. 2d 843 (E.D. Mich. 2004), aff'd, 127 F. App'x 204
　(6th Cir. 2005)......................................................................................................9

*Edwards v. J.P. Morgan Chase Bank, N.A.*,
　No. 12-CV-15204, 2013 WL 1632560 (E.D. Mich. Apr. 16, 2013) .................20

*Gernhardt v. Winnebago Indus.*,
　No. 03-73917, 2003 WL 23976324 (E.D. Mich. Dec. 30, 2003)......................12

*Gorman v. Am. Honda Motor Co., Inc.*,
　839 N.W.2d 223 (Mich. Ct. App. 2013)...........................................................13

*Grosse Pointe Law Firm, PC v. Jaguar Land Rover N. Am., LLC*,
　894 N.W.2d 700 (Mich. Ct. App. 2016)......................................................10, 11

*Hammons v. Icon Health & Fitness*,
　616 F. Supp. 2d 674 (E.D. Mich. 2009) .............................................................7

*Henry v. Dow Chem. Co.*,
　701 N.W.2d 684 (Mich. 2005).............................................................................5

*Hudson v. Mathers*,
　770 N.W.2d 883 (Mich. Ct. App. 2009)...........................................................18

*In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab.*
*Litig.*,
　No. MDL 1718, 2007 WL 2421480 (E.D. Mich. Aug. 24, 2007)....................13

*In re MI Windows & Doors, Inc. Prods. Liab. Litig.*,
　MDL No. 2333, 2012 WL 5182416 (D.S.C. Oct. 18, 2012).............................15

*In re OnStar Contract Litig.*,
　278 F.R.D. 352 (E.D. Mich. 2011) ...................................................................14

*Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*,
    108 F.3d 658 (6th Cir. 1997) ............................................................20

*King v. Ford Motor Credit Co.*,
    668 N.W.2d 357 (Mich. Ct. App. 2003)..........................................17

*Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc.*,
    65 F.3d 498 (6th Cir. 1995) ............................................................19

*Lipov v. Louisiana-Pac. Corp.*,
    No. 1:12-CV-439, 2013 WL 3805673 (W.D. Mich. July 22, 2013) ............10, 18

*MASB-SEG Prop./Cas. Pool v. Metalux*,
    586 N.W.2d 549 (Mich. Ct. App. 1998)............................................6

*Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*,
    No. 16-13777, 2017 WL 783499 (E.D. Mich. Mar. 1, 2017)............................21

*Meyer v. Citimortgage, Inc.*,
    No. 11-13432, 2012 WL 511995 (E.D. Mich. Feb. 16, 2012) ..........................17

*Montgomery v. Kraft Foods Glob., Inc.*,
    822 F.3d 304 (6th Cir. 2016) ............................................................15

*Montgomery v. Kraft Foods Glob., Inc.*,
    No. 1:12-cv-00149, 2012 WL 6084167 (W.D. Mich. Dec. 6, 2012) ................15

*Murphy v. The Proctor & Gamble Co.*,
    695 F. Supp. 2d 600 (E.D. Mich. 2010) ............................................15

*Neibarger v. Universal Cooperatives, Inc.*,
    486 N.W.2d 612 (Mich. 1992)............................................................4

*Parry v. Mohawk Motors of Michigan, Inc.*,
    236 F.3d 299 (6th Cir. 2000) ............................................................21

*Parsley v. Monaco Coach Co.*,
    327 F. Supp. 2d 797 (W.D. Mich. 2004) ..............................................8

*Quest Diagnostics, Inc. v. MCI WorldCom, Inc.*,
   656 N.W.2d 858 (Mich. Ct. App. 2002).............................................................5

*Republic Bank & Tr. Co. v. Bear Stearns & Co.*,
   683 F.3d 239 (6th Cir. 2012) ...........................................................................16

*Rokicsak v. Colony Marine Sales & Serv., Inc.*,
   219 F. Supp. 2d 810 (E.D. Mich. 2002) ...................................................11, 12, 13

*Romeo Inv. Ltd. v. Michigan Consol. Gas Co.*,
   No. 260320, 2007 WL 1264008 (Mich. Ct. App. May 1, 2007).......................19

*Rosipko v. FCA US, LLC*,
   No. 15-11030, 2015 WL 8007649 (E.D. Mich. Dec. 7, 2015)..............14, 15, 16

*Simmons v. Bob Thibodeau, Inc.*,
   No. 264215, 2006 WL 397938 (Mich. Ct. App. Feb. 21, 2006) ........................7

*Smith v. Glenmark Generics, Inc.*,
   No. 315898, 2014 WL 4087968 (Mich. Ct. App. Aug. 19, 2014) ....................18

*St. Clair Marine Salvage, Inc. v. M/Y Blue Marlin*,
   No. 13-14714, 2014 WL 2480587 (E.D. Mich. June 3, 2014)..........................17

*Storey v. Attends Healthcare Prods., Inc.*,
   No. 15-CV-13577, 2016 WL 3125210 (E.D. Mich. June 3, 2016)...................18

*Stroh Props., Inc. v. City of Detroit*,
   No. 12-13219, 2013 WL 626478 (E.D. Mich. Feb. 20, 2013) ..........................20

*Tann v. Chase Home Fin., L.L.C.*,
   No. 10-14696, 2011 WL 3799841 (E.D. Mich. Aug. 26, 2011) .......................20

*Theuerkauf v. United Vaccines Div. of Harlan Sprague Dawley, Inc.*,
   821 F. Supp. 1238 (W.D. Mich. 1993) ...............................................................6

*Tyson v. Sterling Rental, Inc.*,
   836 F.3d 571 (6th Cir. 2016) .............................................................................5

*U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*,
    501 F.3d 493 (6th Cir. 2007) ............................................................... 16

*United States v. Miami Univ.*,
    294 F.3d 797 (6th Cir. 2002) ............................................................... 20

*Watson v. Damon Corp.*,
    No. 1:02-CV-584, 2002 WL 32059736 (W.D. Mich. Dec. 17,
    2002) ................................................................................................... 10

*Williams v. Scottrade, Inc.*,
    No. 06-10677, 2006 WL 2077588 (E.D. Mich. July 24, 2006) ......................... 15

*Zanger v. Gulf Stream Coach, Inc.*,
    No. 05-CV-72300-DT, 2005 WL 2769007 (E.D. Mich. Oct. 25,
    2005) ................................................................................................... 12

*Zanger v. Gulf Stream Coach, Inc.*,
    No. 05-CV-72300-DT, 2005 WL 3163392 (E.D. Mich. Nov. 28,
    2005) ..................................................................................................... 9

*Zine v. Chrysler Corp.*,
    600 N.W.2d 384 (Mich. Ct. App. 1999) ............................................... 14

**RULES**

Fed. R. Civ. P. 9(b) ...................................................................... 15, 16

Fed. R. Civ. P. 23 ................................................................................ 3

**STATUTES**

28 U.S.C. § 2201(a) ......................................................................... 19

Mich. Comp. Laws § 440.1201(j) ................................................ 8, 9

Mich. Comp. Laws § 440.2313(1)(a) ............................................. 11

Mich. Comp. Laws § 440.2316(2) .................................................. 8

# I.  INTRODUCTION

Each of Plaintiffs' nine claims—brought on behalf of a putative nationwide class and relating to a dryer that, despite being improperly installed, Plaintiffs used for more than five years without any problems—is subject to dismissal on multiple independent and overlapping grounds:

- Plaintiffs' negligence claim (Count III) fails because it is barred by the economic loss doctrine and because Plaintiffs have failed to adequately allege facts that, if true, would establish breach of a legal duty.

- Plaintiffs' implied-warranty claims (Counts IV and IX) fail because Whirlpool specifically and conspicuously disclaimed implied warranties.

- Plaintiffs' express-warranty claims (Counts V and VIII) fail because Whirlpool's limited repair-and-replace provision does not constitute an express warranty and because Plaintiffs failed to notify Whirlpool within the warranty period.

- Plaintiffs' Michigan Consumer Protection Act claim (Count VII) fails because Plaintiffs allege only economic loss and, in any event, fail to plead facts sufficient to satisfy applicable pleading standards.

- Plaintiffs' unjust enrichment claim (Count II) fails because a contract covers the same subject matter and because Plaintiffs did not confer a direct benefit to Whirlpool when they bought their dryer from a third party.

- Plaintiffs' claims for declaratory and injunctive relief (Counts I and VI) fail because those are not independent causes of action; the injunctive relief claim fails for the additional reason that Plaintiffs have alleged no non-monetary harm.

Moreover, because these flaws are incurable, the Court should dismiss the Complaint with prejudice.

## II.  SUMMARY OF ALLEGATIONS

Plaintiffs Sara and Donald Hirst allege that they purchased a Whirlpool Cabrio Dryer from Durocher's—a retail store in Monroe, Michigan—on March 22, 2011.  Compl. ¶ 41.  They paid $727 for the unit, which was installed by a Durocher's technician.  *Id.* ¶¶ 41, 44.  The technician installed the dryer with a vent configuration that exceeded the recommended length.  *Id.* ¶¶ 41, 44, 50, 52.

For the first five years that Plaintiffs owned the dryer, they used it without incident.  Plaintiffs allege that on or about June 2, 2016, Ms. Hirst smelled smoke while doing a load of laundry.  *Id.* ¶ 46.  She "cleaned the lint screen and re-started the cycle," but the smell returned.  *Id.*  Mr. Hirst disassembled the dryer and found singed lint inside.  *See id.*  Plaintiffs then resumed normal use of their dryer, with no damage to Plaintiffs' laundry.  *Id.*

Plaintiffs allege that a similar incident occurred five months later, on October 17, 2016.  *Id.* ¶ 48.  Again, Plaintiffs resumed normal use of their dryer after Mr. Hirst cleaned out accumulated lint.  *Id.*  And again, no laundry was damaged.  *Id.*

At this point—five years after purchasing the dryer and five months after the first alleged incident—Ms. Hirst contacted Whirlpool.  *Id.* ¶ 50.  Whirlpool sent a technician to inspect Plaintiffs' dryer on October 28, 2016.  *Id.*  The technician determined that a "[l]int heat event" had occurred.  *Id.*  He "cleared lint from unit

and ran [a] test," finding that the incident had occurred because Plaintiffs' vent was too long.  *Id.* ¶¶ 50, 52.

Plaintiffs have experienced no further incidents.  Nevertheless, Mr. Hirst alleges that, as a precautionary measure, he continues to "disassemble[ ], vacuum[ ], and clean[ ] . . . out" the dryer biweekly."  *Id.* ¶ 51.  Plaintiffs further allege that Ms. Hirst contacted Whirlpool to request a refund of the price paid for the dryer—even though Plaintiffs had used it for more than five years before the first lint incident occurred, and even though the service technician diagnosed the lint buildup as having been caused by Plaintiffs' vent.  *Id.* ¶ 52.  Plaintiffs allege that the Whirlpool representative with whom Ms. Hirst spoke cited the technician's finding that the two incidents at issue had been caused by Plaintiffs' vent, not the dryer.  *Id.*  Even so—and notwithstanding that any duty Whirlpool had to repair and replace had long expired—Whirlpool offered to "haul away the dryer and pay [Plaintiffs] $350."  *Id.*  Plaintiffs declined Whirlpool's offer and instead filed this case against Whirlpool—a putative nationwide class action of all consumers who purchased Cabrio or Duet model dryers manufactured by Whirlpool.  *Id.* ¶ 54.[1]

---

[1] As Whirlpool would demonstrate in opposition to any motion for class certification, Plaintiffs cannot meet the standard for class certification under Federal Rule of Civil Procedure 23 for myriad reasons, including the following: (1) the class definition is overbroad and unascertainable; (2) Plaintiffs claims are atypical; and (3) individual issues, including individual issues related to injury, reliance, causation, and damages, predominate over common ones.  This Court need never reach these and other certification-related issues, however, because, as this Motion makes clear, Plaintiffs' Complaint fails to state a claim and should be dismissed on that basis.

The Complaint includes nine counts: negligence (Count III), breach of the implied warranty of merchantability (Counts IV & IX), breach of express warranty (Counts V & VIII), violation of the Michigan Consumer Protection Act (Count VII), unjust enrichment (Count II), injunctive relief (Count I), and declaratory relief (Count VI).

## III.  ARGUMENT

### A.    THE COMPLAINT FAILS TO STATE A CLAIM.

Each of Plaintiffs' claims suffers from at least one—and in most cases many—fatal flaws.  Each, accordingly, is subject to dismissal for failure to state a claim.

### 1.    Plaintiffs Fail to State a Claim for Negligence (Count III).

Plaintiffs' negligence claim (Count III) fails, first, because the economic loss doctrine precludes recovery in tort for purely economic damages.  In addition, Plaintiffs have not pleaded facts supporting their allegation that Whirlpool breached any duty of care.

#### a.    *The Economic Loss Doctrine Bars Plaintiffs' Negligence Claim.*

"The economic loss doctrine, simply stated, provides that where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses." *Neibarger v. Universal Cooperatives, Inc.*, 486 N.W.2d

612, 615 (Mich. 1992) (internal quotation marks and alterations omitted).[2]  "[T]he doctrine is premised on the idea that barring tort claims arising from a commercial transaction is appropriate where the risks giving rise to those claims were anticipatable and subject to the contractual bargaining process." *Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 581–82 (6th Cir. 2016).  And it is "classically used to bar recovery for product liability claims arising from a purchased good's failure to live up to the buyers expectations." *Id.* at 582.

Plaintiffs have alleged only economic losses—*i.e.*, that they overpaid for their dryer.  *See* Compl. ¶¶ 53, 87, 141.  Plaintiffs do not claim to have suffered a personal injury.[3]  They do not allege damage to any other property.[4]  Accordingly, the economic loss doctrine applies, and Count III must be dismissed.  *See MASB-*

---

[2] Plaintiffs purport to bring their state-law claims on behalf of a nationwide class; in the alternative, Plaintiffs purport to bring these claims on behalf of a Michigan class.  The applicable law makes no difference here: Plaintiffs' claims fail regardless of the body of law that applies.   Because no class has been certified, however, this Motion addresses Michigan law, which governs Plaintiffs' claims.

[3] Plaintiffs do suggest that their dryer poses a *risk* of physical injury.  *See, e.g.,* Compl. ¶ 23 (referring to a "significant risk of . . . personal injury"); *id.* ¶ 87 (referring to "serious safety risks").  But "[i]t is a present injury, not fear of an injury in the future, that gives rise to a cause of action under negligence theory." *Henry v. Dow Chem. Co.*, 701 N.W.2d 684, 689 (Mich. 2005).  "Fear of future injury . . . , however reasonable, is not enough to state a claim of negligence." *Creech v. W.A. Foote Mem'l Hosp., Inc.*, No. 237437, 2006 WL 2380825, at *1 (Mich. Ct. App. Aug. 17, 2006).

[4] Plaintiffs specifically note that they were able to clean the laundry at issue. *See* Compl. ¶¶ 46–48.  But, even if that had not been the case and the laundry had been permanently damaged in some way, the economic loss doctrine would still apply.  *See, e.g., Quest Diagnostics, Inc. v. MCI WorldCom, Inc.*, 656 N.W.2d 858, 862 n.4 (Mich. Ct. App. 2002) ("Michigan's economic loss doctrine is broader than other jurisdictions in that it not only includes damage to the product itself, but may also include damage to other property when this damage was within the contemplation of the parties to the agreement." (internal quotation marks omitted)).

*SEG Prop./Cas. Pool v. Metalux*, 586 N.W.2d 549, 554 (Mich. Ct. App. 1998)

(holding that the economic loss doctrine applies where the product defect and the

potential consequences thereof were "within the contemplation of" plaintiffs when

they purchased the product at issue); *Detroit Edison Co. v. NABCO, Inc.*, 35 F.3d

236, 240 (6th Cir. 1994) (applying Michigan law and explaining that the economic

loss doctrine precludes recovery in tort for "losses based on damage to the product

itself"); *Theuerkauf v. United Vaccines Div. of Harlan Sprague Dawley, Inc.*, 821

F. Supp. 1238, 1241 (W.D. Mich. 1993) (granting motion to dismiss negligence

claim based on the economic loss doctrine where the plaintiff's only damages were

economic losses).

> b.   *Plaintiffs Fail to Plead Facts Showing that Whirlpool Breached A Duty of Care.*

Even if Plaintiffs could clear the economic-loss hurdle, they fail to plead

facts establishing the substantive elements of negligence.  "To establish a prima

facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by

the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4)

damages."  *Case v. Consumers Power Co.*, 615 N.W.2d 17, 20 (Mich. 2000)

(footnote omitted).  Plaintiffs bear the burden of pleading facts that plausibly show

an entitlement to relief.

Plaintiffs have not alleged facts showing a breach of any duty.

Manufacturers have a duty to "eliminate unreasonable risks of foreseeable injury."

*Hammons v. Icon Health & Fitness*, 616 F. Supp. 2d 674, 681 (E.D. Mich. 2009) (citing *Fabbrini Family Foods, Inc. v. United Canning Corp.*, 280 N.W.2d 877, 883 (Mich. Ct. App. 1979)).  To state a claim based on a breach of this duty, however, Plaintiffs must make sufficient factual allegations to support findings that "(1) the product was not reasonably safe when it left the control of the manufacturer; and (2) a 'feasible alternative production practice was available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users.'"  *Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511, 516 (6th Cir. 2008).  Plaintiffs have not done so here.  In particular, Plaintiffs have failed to plead *facts* suggesting that a "feasible alternative" was available.

Plaintiffs have also failed to allege facts showing a breach of any other duties.  In particular, Plaintiffs cannot allege breach of a duty to warn because they acknowledge that Whirlpool in fact offered a warning that lint needed to be removed by a "qualified person" "every 2 years, or more often, depending on dryer usage."  Compl. ¶ 40; *see also, e.g., Simmons v. Bob Thibodeau, Inc.,* No. 264215, 2006 WL 397938, at *2 (Mich. Ct. App. Feb. 21, 2006) (affirming summary disposition of a duty-to-warn-based claim, finding that the "existence of . . . warnings that were utilized in its effort to warn" satisfied any such duty).

Both because the economic loss doctrine applies and because Plaintiffs failed to allege facts showing a breach of any duty, Count III should be dismissed.

### 2.     Plaintiffs Fail to State a Claim for Breach of the Implied Warranty of Merchantability (Counts IV & IX).

Plaintiffs fail to state breach-of-implied-warranty claims (Counts IV & IX) because Whirlpool conspicuously disclaimed the implied warranty of merchantability.

Both Michigan's common law and Michigan's Uniform Commercial Code enforce disclaimers of implied warranties "as long as the disclaimer is conspicuous." *Parsley v. Monaco Coach Co.*, 327 F. Supp. 2d 797, 800 (W.D. Mich. 2004); *see Bailey Farms, Inc. v. NOR-AM Chem. Co.*, 27 F.3d 188, 193 (6th Cir. 1994) (applying Michigan law and explaining that "both the UCC and common law allow defendant to disclaim implied warranties").  In particular, "to exclude or modify the implied warranty of merchantability . . . the language must mention merchantability and in case of a writing must be conspicuous . . . ." Mich. Comp. Laws § 440.2316(2).  A disclaimer is conspicuous when a reasonable person should have noticed it by virtue, for example, of distinctive font.  *Id.* § 440.1201(j).  "Whether a term is 'conspicuous' or not is a decision for the court." *Id.*

Whirlpool's implied warranty disclaimer is conspicuous as a matter of law. As Plaintiffs' acknowledge, their dryer was accompanied by a Use and Care

Guide.[5]  On the "Laundry Warranty" page of that Guide, Whirlpool specifically disclaimed the implied warranty of merchantability.  *See* Compl., Ex. 47, at 15.  A section header provides, in capitalized, bolded text, "**DISCLAIMER OF IMPLIED WARRANTIES**."  *Id.*  And the language that follows, also capitalized, states that "IMPLIED WARRANTIES, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY . . . , ARE LIMITED TO ONE YEAR OR THE SHORTEST PERIOD ALLOWED BY LAW."  *Id.*[6]

Michigan law provides that "[c]onspicuous terms include" (i) "[a] heading in capitals . . . or in contrasting type . . . to surrounding text," and (ii) "[l]anguage in the body of a record . . . in contrasting type . . . to surrounding text of the same size."  Mich. Comp. Laws § 440.1201(j).  Whirlpool's disclaimer fits both bills.  And courts have consistently enforced similar disclaimers.  *See, e.g., Ducharme v. A & S RV Ctr., Inc.*, 321 F. Supp. 2d 843, 852 (E.D. Mich. 2004) (disclaimer sufficiently conspicuous where it was "capitalized and in bold print"), aff'd, 127 F. App'x 204 (6th Cir. 2005); *Zanger v. Gulf Stream Coach, Inc.*, No. 05-CV-72300-

---

[5] "When a court is presented with a Rule 12(b)(6) motion, it may consider . . . exhibits . . . so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  The Use and Care Guide is an Exhibit to Plaintiffs' Complaint (Ex. 47), and Plaintiffs' Complaint repeatedly references it.  *See* Compl. ¶¶ 40, 113, 152.  Indeed, the document is central to Plaintiffs' express-warranty claims.  Accordingly, it is properly considered at this stage of proceedings.

[6] In Michigan, "the shortest period allowed by law" is no period at all:  The implied warranty of merchantability may be disclaimed in full, so long as the disclaimer is conspicuous.  *See, e.g., Bailey Farms*, 27 F.3d at 193.  In any event, Plaintiffs' purchased their dryer more than *five years* before the alleged incidents at issue.  *See* Compl. ¶¶ 41, 46.

DT, 2005 WL 3163392, at *7 (E.D. Mich. Nov. 28, 2005) (same); *Lipov v. Louisiana-Pac. Corp.*, No. 1:12-CV-439, 2013 WL 3805673, at *5 (W.D. Mich. July 22, 2013) (same); *Watson v. Damon Corp.*, No. 1:02-CV-584, 2002 WL 32059736, at *5 (W.D. Mich. Dec. 17, 2002) (capitalized disclaimer sufficiently conspicuous). At the very least, the disclaimer operates to limit implied warranties to the duration of the express warranty—*i.e.*, one year. *See* Compl., Ex. 47 at 15; Compl. ¶¶ 41, 50. And Plaintiffs' purchased their dryer more than *five years* before the alleged incidents at issue. *See* Compl. ¶¶ 41, 46.

Accordingly, Counts IV and IX should be dismissed.

### 3. Plaintiffs Fail to State a Claim for Breach of Express Warranty (Counts V & VIII).

Plaintiffs cannot state an express-warranty claim against Whirlpool (Counts V & VIII). First, Plaintiffs have not identified an express warranty affirming the quality of the dryer—only a limited "repair and replace" provision. Second, Plaintiffs do not allege breach of that provision because they failed to contact Whirlpool within the warranty period.

#### a. Whirlpool's Limited "Repair and Replace" Provision Is Not an Express Warranty.

An express warranty is "a promise concerning the quality or performance of the goods to which the goods can 'conform.'" *Grosse Pointe Law Firm, PC v. Jaguar Land Rover N. Am., LLC*, 894 N.W.2d 700, 705 (Mich. Ct. App. 2016); *see*

*also* Mich. Comp. Laws § 440.2313(1)(a) (defining an express warranty as, *inter alia*, "[a]n affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain").  A manufacturer's representation that it will repair and replace defective goods is not an express warranty under Michigan law because it "does not constitute an affirmation of fact or promise to which the [product] ha[s] to conform, a description of the [product], or a sample or model of the [product]." *Rokicsak v. Colony Marine Sales & Serv., Inc.*, 219 F. Supp. 2d 810, 816 (E.D. Mich. 2002); *see also Grosse Pointe Law Firm*, 894 N.W.2d at 705 ("A promise to repair or replace . . . provides nothing more than a remedy for a product that breaks. Accordingly, we cannot agree that the repair-or-replace provision in this case is an express warranty[.]").

To repair and replace in specified circumstances is all that Whirlpool agreed to here.  Specifically, the "**LIMITED WARRANTY**" section of the Use and Care Guide provides that, "[f]or one year from the date of purchase, . . . Whirlpool . . . will pay for Factory Certified Parts and repair labor to correct defects in materials or workmanship that existed when [the dryer] was purchased."  Compl., Ex. 47 at 15.  Further, the Guide *twice* states "YOUR SOLE AND EXCLUSIVE REMEDY UNDER THIS LIMITED WARRANTY SHALL BE PRODUCT REPAIR AS PROVIDED HEREIN." *Id.*  In short, Whirlpool's Limited Warranty does not

affirm the quality of the dryer; it merely provides for replacing and repairing parts under specified—and inapplicable—circumstances.

Courts in this district have repeatedly dismissed express-warranty claims based on substantively identical repair-and-replace provisions. In *Rokicsak*, for example, the court dismissed an express-warranty claim because the limited warranty at issue provided that the "sole exclusive remedy against Seller shall be limited to the repair and replacement of parts and equipment." 219 F. Supp. 2d at 816 (alterations omitted). Similarly, in *Zanger v. Gulf Stream Coach, Inc.*, No. 05-CV-72300-DT, 2005 WL 2769007 (E.D. Mich. Oct. 25, 2005), the court dismissed an express-warranty claim where the limited warranty at issue "only cover[ed] repair and replacement of defective parts." *Id.* at *4. And in *Gernhardt v. Winnebago Indus.*, No. 03-73917, 2003 WL 23976324 (E.D. Mich. Dec. 30, 2003), the court dismissed an express-warranty claim because the limited warranty at issue provided that the "sole remedy for defects in the [product] was to have [the seller] repair or replace the defects." *Id.* at *3.

So too here. Because Whirlpool's limited repair-and-replace provision does not constitute an express warranty, Counts V and VIII should be dismissed.[7]

---

[7] Even if Whirlpool's limited repair-and-replace provision constituted an express warranty, Plaintiffs' claim would fail for lack of privity because Plaintiffs purchased their dryer from Durocher's, not from Whirlpool. *See* Compl. ¶¶ 41, 43, 44; *Montgomery v. Kraft Foods Glob., Inc.*, 822 F.3d 304, 309 (6th Cir. 2016) (applying Michigan law and dismissing express-warranty claim where plaintiff

Footnote continued on next page

       b.     *Plaintiffs Do Not Allege Breach of the Limited Repair-and-Replace Provision.*

In any event, Plaintiffs do not allege that Whirlpool breached the limited repair-and-replace provision. Such a provision is breached only if, "*during the period of the warranty*[,] defendants were notified of a defect that they failed to repair." *Gorman v. Am. Honda Motor Co., Inc.*, 839 N.W.2d 223, 226 (Mich. Ct. App. 2013) (emphasis added). Compl., Ex. 47 at 15. Plaintiffs allege that they bought their dryer on or about March 22, 2011, Compl. ¶ 41; and they allege that they contacted Whirlpool for the first time in October 2016, *id.* ¶ 50—*more than four years* after the one-year warranty period expired. Because Plaintiffs did not contact Whirlpool during the warranty period, Counts V and III must be dismissed on this basis, too. *See, e.g.,* I*n re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, No. MDL 1718, 2007 WL 2421480, at *7 (E.D. Mich. Aug. 24, 2007) (dismissing warranty claims where plaintiffs did not request repair within time period contained within limited warranty).[8]

---

Footnote continued from previous page

purchased the product at issue from a distributor, not from the manufacturer defendant).

[8] Plaintiffs suggest that the time limit on Whirlpool's repair-and-replace obligation is unconscionable. *See* Compl. ¶ 163. There is nothing unconscionable about a one-year warranty period. *Rokicsak*, 219 F. Supp. 2d at 819 (rejecting the argument that a one-year warranty limitation was unconscionable). And Whirlpool was certainly under no obligation to provide a warranty for upwards of five years—the amount of time that would have been required to render Plaintiffs' claim timely.

### 4.   Plaintiffs Fail to State a Claim for Violation of the Michigan Consumer Protection Act (Count VII).

Plaintiffs' Michigan Consumer Protection Act ("MCPA") claim is also flawed.  Like the negligence claim, the MCPA claim is barred by the economic loss doctrine.  In addition, Plaintiffs fail to plead sufficient facts to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard (or even ordinary pleading standards).

### a.   The Economic Loss Doctrine Bars Plaintiffs' Claim.

The MCPA provisions on which Plaintiffs rely prohibit "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." *Zine v. Chrysler Corp.*, 600 N.W.2d 384, 396 (Mich. Ct. App. 1999) (citing Mich. Comp. Laws § 445.903(1)(n)).  These provisions are "construed with reference to the common-law tort of fraud."  *In re OnStar Contract Litig.*, 278 F.R.D. 352, 376 (E.D. Mich. 2011) (quoting *Kussy v. Home Depot U.S.A., Inc.*, No. 06-12899, 2006 WL 3447146 (E.D. Mich. Nov. 28, 2006)); *see also Rosipko v. FCA US, LLC*, No. 15-11030, 2015 WL 8007649, at *5 (E.D. Mich. Dec. 7, 2015) ("Plaintiffs' MCPA claim based on failure to reveal [product] defects . . . constitutes a fraud claim.").  As already explained, Michigan's economic loss doctrine bars tort claims based on solely economic damages.  *See supra* at A.1.a. That includes fraud claims, where, as here "the alleged fraud is inextricably related

to the nature of the product." *Murphy v. The Proctor & Gamble Co.*, 695 F. Supp. 2d 600, 608 (E.D. Mich. 2010).

Thus, because Plaintiffs allege solely economic damages, the economic loss doctrine bars their MCPA claim. *See id.* at 606 n.3 ("The underlying rationale of the economic loss doctrine is applicable to claims under the Consumer Protection Act."); *Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 2077588, *6 (E.D. Mich. July 24, 2006) (applying economic loss doctrine to an MCPA claim); *In re MI Windows & Doors, Inc. Prods. Liab. Litig.*, MDL No. 2333, 2012 WL 5182416, at *3-4 (D.S.C. Oct. 18, 2012) (same). The Court should therefore dismiss Count VII.

> **b.** *Plaintiffs Fail to Plead Facts Sufficient to Satisfy Rule 8—Let Alone Rule 9(b).*

Because Plaintiffs' MCPA claim sounds in fraud, Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies. *See Montgomery v. Kraft Foods Glob., Inc.*, No. 1:12-cv-00149, 2012 WL 6084167, at *4 (W.D. Mich. Dec. 6, 2012) (applying Rule 9(b)'s heightened pleading standard to MCPA claims); *Rosipko*, 2015 WL 8007649, at *5 (same); *Drake v. U.S. Bank Nat'l, Ass'n*, No. 12-cv-13373-GER-RSW, 2013 WL 3724804, at *4 (E.D. Mich. July 15, 2013) (same). Rule 9(b) requires pleading with particularity—*i.e.*, Plaintiffs must "(1) . . . specify the allegedly fraudulent statements; (2) . . . identify the speaker; (3) . . . plead when and where the statements were made; and (4) . . . explain what made

the statements fraudulent." *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012).

Plaintiffs' allegations do not satisfy the ordinary pleading standards of Rule 8, much less do they suffice under Rule 9(b), because Plaintiffs fail to allege facts to support their conclusory assertions of fraud.  Instead of identifying Whirlpool's allegedly fraudulent statements, Plaintiffs simply assert that Whirlpool "knew or should have known it was making representations about the quality and durability of the Dryers by marketing and selling the Dryers."  Compl. ¶ 137.  They do not identify the content of these supposed representations or "where and when" they occurred.  Plaintiffs' allegations  regarding what made such statements fraudulent are similarly conclusory.  *See, e.g., id.* ¶¶ 3, 40, 66, 139.

Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . do not suffice" under Rule 8.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  And they do not approach the level of specificity required by Rule 9(b).  *See U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 515 (6th Cir. 2007) ("Conclusory allegations . . . do not constitute pleading with particularity for the purpose of Rule 9(b).").  Courts regularly dismiss MCPA claims based on similarly threadbare pleadings.  *See, e.g.*, *Rosipko*, 2015 WL 8007649, at *5 (dismissing MCPA claims for failure to satisfy Rule 9(b)'s heightened pleading standard); *Drake*, 2013 WL 3724804, at *4 (same); *St. Clair*

*Marine Salvage, Inc. v. M/Y Blue Marlin*, No. 13-14714, 2014 WL 2480587, at *7

(E.D. Mich. June 3, 2014) (dismissing MCPA claims for failure to satisfy ordinary

pleading standards); *Meyer v. Citimortgage, Inc.*, No. 11-13432, 2012 WL 511995,

at *11 (E.D. Mich. Feb. 16, 2012) (same).  The Court should do the same here.

### 5. Plaintiffs Fail to State a Claim for Unjust Enrichment (Count II).

Plaintiffs' unjust enrichment claim fails both because a contract covers the

same subject matter and because Plaintiffs conferred no direct benefit on

Whirlpool.

### a. *Plaintiffs Cannot Recover on an Unjust Enrichment Theory Because a Contract Covers the Same Subject Matter.*

The doctrine of unjust enrichment permits courts to imply a contract where

doing so is necessary to prevent the inequitable retention of a benefit.  "[A]

contract will be implied" on an unjust enrichment theory, however, "only if there is

no express contract covering the same subject matter."  *Belle Isle Grill Corp. v.*

*City of Detroit*, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003).  If "the parties'

transactions were governed by written documentation, plaintiffs cannot rely on a

claim of unjust enrichment."  *King v. Ford Motor Credit Co.*, 668 N.W.2d 357,

371 (Mich. Ct. App. 2003).  As Plaintiffs themselves allege, Whirlpool's "repair

and replace" provision covers the same subject matter as the unjust enrichment

claim—*i.e.*, the performance of Plaintiffs' dryers.  *See, e.g.,* Compl. ¶¶ 4, 114,

118, 153, 157.  Thus, Plaintiffs cannot maintain an unjust enrichment claim, and the Court should dismiss Count II.  *See, e.g., Hudson v. Mathers*, 770 N.W.2d 883, 887 (Mich. Ct. App. 2009) (affirming dismissal of unjust enrichment claim because express contract governed parties' relationship); *Lipov v. Louisiana-Pacific Corp.*, No. 1:12-cv-439, 2013 WL 3805673, at *6 (W.D. Mich. July 22, 2013) (granting motion to dismiss unjust enrichment claim in a products-liability case because limited warranty provided a contractual remedy).

> b.   *Plaintiffs Cannot Recover on an Unjust Enrichment Theory Because They Conferred No Direct Benefit Upon Whirlpool.*

The doctrine of unjust enrichment applies only "in cases where the defendant directly receives a benefit from the plaintiff." *Smith v. Glenmark Generics, Inc.*, No. 315898, 2014 WL 4087968, at *1 (Mich. Ct. App. Aug. 19, 2014).  But Plaintiffs conferred no direct benefit upon Whirlpool.  To the contrary, Plaintiffs themselves allege that they purchased their dryer from a retail store called Durocher's, not from Whirlpool.  *See* Compl. ¶¶ 41, 43, 44.  And consumers who purchase a product from a distributor or retailer may not maintain an unjust enrichment claim against the manufacturer.  *See, e.g., Smith*, 2014 WL 4087968 at *1 (affirming dismissal of unjust enrichment claim where "plaintiff admitted that she did not purchase the [product at issue] from defendant, but rather from a pharmacy"); *Storey v. Attends Healthcare Prods., Inc.*, No. 15-CV-13577, 2016

WL 3125210, at *12–*13 (E.D. Mich. June 3, 2016) (dismissing unjust enrichment

claim brought by "consumer plaintiffs" against "a remote manufacturer" because

"[w]hatever benefit Plaintiffs conferred on Defendant they conferred indirectly").

The Court should therefore dismiss Count II.[9]

### 6.   The Complaint Fails to State a Claim for Declaratory or Injunctive Relief (Counts I & VI).

Plaintiffs' remaining claims fare no better.  As an initial matter, they are not

claims at all.  Neither the Declaratory Judgment Act nor injunctive relief

constitutes an independent cause of action.  And Plaintiffs' claim for injunctive

relief fails for the additional reason that money damages would adequately

compensate Plaintiffs for the harms they allege.

#### a.   *Declaratory and Injunctive Relief Are Not Independent Causes of Action.*

The Declaratory Judgment Act, on which Plaintiffs rely, provides courts

with the authority to "declare the rights and other legal relations" where parties

have a viable claim.  28 U.S.C. § 2201(a).  The Act "does not create an

---

[9] In any event, "a legal remedy . . . will bar a claim of unjust enrichment, which seeks an equitable remedy." *Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 506 (6th Cir. 1995) (applying Michigan law).  Plaintiffs' unjust enrichment claim is based on the same conduct as their legal claims.  For reasons already given, Plaintiffs have not stated a legal claim.  But insomuch as the Court permits any of Plaintiffs' legal claims to proceed, they have an adequate remedy at law for any cognizable injury they have suffered and Count II would be subject to dismissal on this ground, too.  *See, e..g., Romeo Inv. Ltd. v. Michigan Consol. Gas Co.*, No. 260320, 2007 WL 1264008, at *9 (Mich. Ct. App. May 1, 2007) ("When a plaintiff has set forth both legal and equitable claims seeking identical relief and covering the same subject matter, the proper course is generally dismissal of the equitable claim.").

independent cause of action." *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)); *see also, e.g., Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997) ("[A] declaratory judgment action is a procedural device used to vindicate substantive rights."). Likewise for injunctive relief: "[I]njunctive relief is not a freestanding claim, but rather a form of relief." *Stroh Props., Inc. v. City of Detroit*, No. 12-13219, 2013 WL 626478, at *3 (E.D. Mich. Feb. 20, 2013); *see also, e.g., Tann v. Chase Home Fin., L.L.C.*, No. 10-14696, 2011 WL 3799841, at *10 (E.D. Mich. Aug. 26, 2011) ("[A] plaintiff cannot seek an injunction as a stand-alone cause of action; it is only available as an equitably remedy."). Counts I and IV, accordingly, cannot stand. *See, e.g., Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 838 (E.D. Mich. 2016) (dismissing "claims" for declaratory and injunctive relief).

> b.   *Plaintiffs Are Not Entitled to Injunctive Relief Because They Have an Adequate Remedy at Law.*

"Injunctive relief is an extraordinary remedy that is granted only when . . . justice requires it, . . . there is no adequate remedy at law, and . . . there exists a real and imminent danger of irreparable injury." *Edwards v. J.P. Morgan Chase Bank, N.A.*, No. 12-CV-15204, 2013 WL 1632560, at *2 (E.D. Mich. Apr. 16, 2013) (internal quotation marks and citation omitted); *see also United States v. Miami Univ.*, 294 F.3d 797, 816 (6th Cir. 2002) ("In order to obtain . . . [a]

permanent injunction, [a party] must demonstrate that failure to issue the injunction is likely to result in irreparable harm." (quoting *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1068 (6th Cir. 1998)). Plaintiffs have not pleaded facts showing that money damages would be inadequate to compensate them. Thus, the Court should dismiss Count VI. *See, e.g., Devlin v. Kalm*, No. 08-13421, 2014 WL 4545686, at *1 (E.D. Mich. Sept. 12, 2014) (dismissing claim for injunctive relief because, *inter alia*, the plaintiff did "not meet the factors for the extraordinary relief given by an injunction because he has adequate remedies at law, such as money damages"), aff'd, 630 F. App'x 534 (6th Cir. 2015).

### B.   DISMISSAL SHOULD BE WITH PREJUDICE.

Dismissal with prejudice is appropriate where "no amendment could cure the deficiencies in the Complaint." *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, No. 16-13777, 2017 WL 783499, at *4 (E.D. Mich. Mar. 1, 2017); *see also Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 307 (6th Cir. 2000) (leave to amend properly denied where "amendment would be futile"). That is the case here.

Repleading cannot turn Plaintiffs' purely economic injury into a physical one. Repleading will not undo Whirlpool's conspicuous disclaimer of implied warranties. Repleading cannot turn Whirlpool's limited repair-and-replace provision into an express warranty or remove the applicable one-year time limit.

Repleading will not change the fact that Plaintiffs purchased their dryer from a retailer, rather than directly from Whirlpool. And repleading cannot turn declaratory or injunctive relief into substantive causes of actions.

Because each of Plaintiffs' claims suffers from at least one incurable defect, dismissal should be with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Whirlpool's Motion and dismiss Plaintiffs' Complaint in full and with prejudice.

September 5, 2017

Respectfully submitted,

*/s/ Arthur T. O'Reilly*

| | |
|---|---|
| Michael T. Williams (CO #33172) | Arthur T. O'Reilly (P70406) |
| Kenneth E. Stalzer (CO #42896) | Amanda K. Rice (P80460) |
| Wheeler Trigg O'Donnell LLP | JONES DAY |
| 370 Seventeenth Street, Suite 4500 | 150 W. Jefferson Ave., Suite 2100 |
| Denver, CO 80202-5647 | Detroit, MI 48226 |
| Telephone: 303.244.1800 | Telephone: (313) 773-3939 |
| Facsimile: 303.244.1879 | Facsimile: (313) 230-7997 |
| williams@wtotrial.com | atoreilly@jonesday.com |
| stalzer@wtotrial.com | arice@jonesday.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2017, I electronically filed the foregoing Motion and Memorandum with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

> */s/ Arthur T. O'Reilly*
> Arthur T. O'Reilly (P70406)
> JONES DAY
> 150 W. Jefferson Ave., Suite 2100
> Detroit, MI 48226
> Telephone: (313) 773-3939
> Facsimile: (313) 230-7997
> atoreilly@jonesday.com
>
> *Counsel for Defendant*